Defendant-appellant, Dean Myers ("Dean"), appeals a Fayette County Court of Common Pleas decision adopting a separation agreement that previously Dean had entered into with his ex-wife, plaintiff-appellee, Cynthia Myers ("Cindy"). Upon review of the record before us, we affirm the trial court's adoption of the separation agreement.
The parties married on July 11, 1981. The parties had three children, Phillip, born March 19, 1983, Mary, born April 3, 1986, and Charles, born January 9, 1996. In early 1997, the parties filed a petition for dissolution of marriage. At that time, the parties also undertook the task of having several lengthy discussions regarding the division of their marital property, assets, and debts. As a result of these discussions, on March 21, 1997, the parties signed, executed, and filed with the trial court a separation agreement ("agreement"). The final dissolution hearing was scheduled for May 28, 1997.
Following the filing of the agreement, but prior to the final dissolution hearing, Dean received information that caused him to question the paternity of his son Charles. A subsequent genetic test revealed that Charles was not Dean's biological son. The parties then agreed that the agreement would be modified to reflect a change in parental rights and responsibilities, custody, and visitation. Dean's child support obligation was adjusted accordingly.
Despite these changes, at the final dissolution hearing, Dean appeared with counsel and indicated an unwillingness to proceed with the dissolution unless Cindy agreed to relinquish approximately $16,000 which, pursuant to the agreement, she was to receive from Dean's 401K plan. When Cindy refused such amendment, Dean refused to abide by the agreement.
On June 2, 1997, Cindy filed a complaint for divorce. Within the complaint, Cindy requested that the trial court adopt the agreement that had previously been signed, executed, and filed by the parties. On October 10, 1997 and again on November 7, 1997, a magistrate held hearings in order to determine "whether the prior separation agreement [could] be incorporated into the subsequent divorce action." On November 17, 1997, the magistrate issued and filed a decision, stating:
 The Separation and Property Settlement Agreement signed and executed by the parties on March 21, 1997, pursuant to ORC 3103.05, which has been submitted to this court, is fair and equitable and said agreement was not induced by fraud or misrepresentation.
The magistrate then went on to state that "[n]either party was mislead as to any material facts pertaining to division of property and allocation of marital debts." Because no objections were filed to the magistrate's decision, on December 22, 1997, the trial court filed a judgment entry which approved and adopted the magistrate's decision.
A final divorce hearing was held before the magistrate on December 12, 1997. On January 7, 1998, the magistrate issued and filed a second decision. In this second decision, the magistrate found that the parties were incompatible and recommended that they be granted a divorce. Also in his decision, apparently unaware that the trial court had already adopted his recommendation concerning the adoption of the March 21, 1997 agreement, the magistrate again recommended that the March 21, 1997 agreement be incorporated into the subsequent divorce action.
On January 20, 1998, Dean filed objections to the magistrate's second decision claiming it was against the manifest weight of the evidence and contrary to law. Specifically, Dean contended that Cindy had made several misrepresentations during the negotiation of the agreement, including but not limited to the paternity of Charles, and therefore the agreement should not be upheld.
On June 11, 1998, the trial court filed an entry that overruled Dean's objections to the incorporation of the agreement into the parties' final divorce decree. Specifically, the trial court found that, pursuant to Civ.R. 53(E)(3)(a), (1) Dean was required to file written objections to the magistrate's November 17, 1997 decision within fourteen days of its filing, and (2) that Dean had failed to file such objections. The trial court then signed and filed the final divorce decree on June 24, 1998.
Dean filed his notice of appeal on July 23, 1998 raising two assignments of error for this court's review:
 THE TRIAL COURT ERRED BY CHARACTERIZING A PRETRIAL ORDER OF THE MAGISTRATE AS A MAGISTRATE'S DECISION.
 THE TRIAL COURT'S JUDGMENT ENTRY THAT THE PARTIES EARLIER SEPARATION AGREEMENT WAS VALID IS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.
Because both assignments of error address the trial court's adoption and approval of the magistrate's November 17, 1997 decision, we shall address them together.
We begin our analysis with R.C. 3105.10(B)(2), which specifically provides a trial court the authority to enforce separation agreements as follows:
 A separation agreement that was voluntarily entered into by the parties may be enforceable by the court of common pleas upon the motion of either party to the agreement, if the court determines that it would be in the interests of justice and equity to require enforcement of the separation agreement.
R.C. 3105.10(B)(2).
"[T]he decision to enforce a separation agreement is a discretionary one and such decision will not be reversed on appeal absent an abuse of discretion." Schneider v. Schneider (1996),110 Ohio App.3d 487, 491, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. * * * It is expected that most instances of abuse of discretion will result in decisions that are simply unreasonable * * *. A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process persuasive * * *.
AAAA Enterprises Inc. v. River Place Community Redevelopment Corp.
(1990), 50 Ohio St.3d 157, 161 (citations omitted).
Civ.R. 53(E)(3)(a) states in part as follows:
 Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision.
Further, Civ.R. 53(E)(4)(a) provides in part:
 The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there was an error of law or other defect on the face of the magistrate's decision.
(Emphasis added.)
 Dean attempts to argue under his assignments of error that "the November 17, 1997 ruling was a pretrial order, not a Magistrate's decision." However, this court disagrees. The caption to the document filed by the magistrate on November 17, 1997 is clearly titled "Magistrate's Decision." Accordingly, pursuant to Civ.R. 53(E)(3)(a), we find that Dean had fourteen days following the November 17, 1997 decision to file objections and the record reveals that he failed to do so. Consequently, pursuant to Civ.R. 54(E)(4)(a), it was well within the trial court's discretion to approve and adopt the magistrate's November 17, 1997 decision absent finding an error of law or other defect on the face of the decision. As this court has repeatedly held in the past, a failure to object to a magistrate's decision constitutes a waiver of the right to appeal any finding of fact or conclusion of law under Civ.R. 53(E)(3)(b). See Stuckey v. Stuckey (Oct. 6, 1997), Fayette App. No. CA97-03-006, unreported, at 4 (citations omitted).
Dean further attempts to argue under his assignments of error that the trial court erred in finding that the agreement between the parties was valid, fair and equitable. Dean contends that, as a result of Cindy's misrepresentations concerning the paternity of Charles, the agreement was based upon fraud, and he would have never entered into the agreement had he known the truth. Dean captions all of this argument under a "weight of the evidence" challenge. Again, however, this court disagrees with Dean's contentions.
A review of the record reveals that the magistrate, duringtwo separate hearings, examined evidence addressing the question of whether the prior agreement was fair and equitable and whether the prior agreement should be incorporated into the divorce action before issuing a decision. Testimony presented by the parties addressed all pertinent aspects of the division of marital property and debts. The record further reveals that when Dean was questioned about the connection between the discovery of Charles' paternity and his refusal to allow Cindy to collect the $16,000 from his 401K plan, he was unable to offer any answer other than that he would not have entered the agreement if he had known about Charles' paternity. Obviously, both the magistrate and the trial court were unpersuaded by Dean's response, and upon review, we do not find such an act rises to an abuse of discretion.
Additionally, this court finds that Dean has put forth no evidence that Cindy engaged in any type of fraud in order to obtain his signature upon the agreement. Testimony presented at the hearings revealed that up until the time of the genetic test Cindy was unaware of Charles' actual paternity. Immediately upon discovery of Charles' actual paternity, the agreement was modified to reflect a change in Dean's parental responsibilities to Charles, including a reduction in his child support obligation. In the absence of the presentation of any evidence addressing fraud, the magistrate specifically found that "[n]either party was mislead as to any material facts pertaining to division of property and allocation of marital debts." The trial court agreed, as do we.
Accordingly, we find that the trial court did not abuse its discretion in approving and adopting the agreement that was signed, executed and filed by the parties in March of 1997. Dean's assignments of error are hereby overruled and the trial court's decision is affirmed.
WALSH and VALEN, JJ., concur.